UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

SHAWN STUHR,

    *Plaintiff,*

    *v.*

                                 Case No: 3:23-cv-642

VILLAGE OF WILTON
AND JOHN STAVLO,

    *Defendants.*

## COMPLAINT

Plaintiff Shawn Stuhr by his attorneys, Strang Bradley, LLC, for his complaint against Defendants, states:

## INTRODUCTION

1. On 3 August 2022, right before Police Chief John Stavlo kicked down the door to Shawn Stuhr's home to arrest him for a misdemeanor, Stuhr told Chief Stavlo that he needed to come back with a warrant.

2. Chief Stavlo replied by telling Stuhr that he did not need a warrant.

3. But under the Fourth Amendment, Chief Stavlo most certainly did.

4. That didn't stop Chief Stavlo from kicking in the front door to Stuhr's home and entering the home without a warrant. This interaction is depicted in the following video recording: https://StrangBradley.com/Chief_John_Stavlo.mp4

5. Chief Stavlo then authored a police report that is blatantly contradicted by his own body-worn camera to attempt to justify his total disregard for the Constitution.

6.      This lawsuit seeks to vindicate the violation of Plaintiff's constitutional rights. It seeks to effect change through punitive damages by punishing the Defendant for his egregious conduct with the hope that the punishment is significant enough to deter this Defendant and other law enforcement officers in Wisconsin from kicking in a citizen's front door and entering his home without a warrant or any of valid exception to the warrant requirement.

## JURISDICTION AND VENUE

7.      This action is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation under color of law of Plaintiff's rights as secured by the United States Constitution.

8.      This Court has jurisdiction over federal claims pursuant to 28 U.S.C. § 1331 and the state law claims for indemnification pursuant to 28 U.S.C. § 1367.

9.      Venue is proper under 28 U.S.C. § 1391(b). Defendant Village of Wilton is a political subdivision of the state of Wisconsin located within this judicial district. Additionally, the events giving rise to the claims asserted herein occurred within this judicial district.

## PARTIES

10.      Plaintiff Shawn Stuhr is a resident of the State of Wisconsin.

11.      Defendant Village of Wilton is a political subdivision of the State of Wisconsin and was the employer of individual Defendant John Stavlo at the time of the occurrences giving rise to this lawsuit and is required to pay any tort judgment for

damages for which its employees are liable for acts within the scope of their employment pursuant to WIS. STAT. § 895.46.

12. John Stavlo was, at the time of this occurrence, the Chief of Police for the Village of Wilton Police Department and was the chief policymaker for the police department. Chief Stavlo engaged in the conduct complained of while he was on duty and in the course and scope of his employment with the Village of Wilton.

### FACTS

13. Chief Stavlo's blatant violation of the Fourth Amendment's warrant requirement was captured on his own body-worn camera.

14. Chief Stavlo was called out to Shawn Stuhr's neighborhood because a neighbor complained that Stuhr was acting disorderly outside his home.

15. When Chief Stavlo arrived, everyone was back at their respective homes.

16. Chief Stavlo first spoke to the neighbor, who stated that Stuhr had vandalized their car and screamed at them.

17. Chief Stavlo then approached Stuhr, who was sitting on his front porch.

18. But Stuhr went inside his home and told Chief Stavlo that he did not want to speak to the police because he believed Chief Stavlo was a liar.

19. Chief Stavlo let Stuhr go back into his home, presumably because Stuhr posed no threat to anyone.

20. Chief Stavlo returned to the neighbors who told him they wanted to press charges against Stuhr.

21. Chief Stavlo then walked back down the street towards Stuhr's home to arrest him for the misdemeanor offense of disorderly conduct under Wis. Stat. § 947.013.

22. In his police report, Chief Stavlo claims that as this time he "informed STUHR he was under arrest" and that "STUHR, who had been sitting in a chair on the porch got up and went into his residence."

23. This was a blatant fabrication, as the body-camera footage reveals Chief Stavlo didn't say anything to Stuhr as he reapproached his home.

24. This was because Stuhr, contrary to Chief Stavlo's police report, was not outside, but behind the locked door to his home.

25. Once Chief Stavlo was on the porch, he demanded that Stuhr come outside and threatened to arrest Stuhr for disorderly conduct if he would not open the door.

26. Stuhr told Chief Stavlo that he needed to leave because he did not have a warrant.

27. Chief Stavlo replied that he did not need a warrant.

28. Chief Stavlo then kicked down Stuhr's front door, entering to attempt a warrantless misdemeanor arrest of Stuhr in his own home.

29. Stuhr left the home to prevent Chief Stavlo's illegal arrest attempt.

30. Chief Stavlo followed Stuhr around the house before pointing a taser at him and trying to shoot him in the back.

31. Stuhr went back inside his house and shut the door again.

32. But Chief Stavlo would not be deterred, entering the house *again* without a warrant.

33. Chief Stavlo then arrested Stuhr in his own home without a warrant for misdemeanor offenses.

34. As a direct and proximate result of the acts of Chief Stavlo, as detailed above, Plaintiff suffered, *inter alia,* body injury, pain, suffering, mental distress, humiliation, loss of liberty, and loss of reputation, and has incurred expenses from the damage done to his home.

**COUNT I:**
**42 U.S.C. § 1983 Claim for First Unlawful Entry**

35. Plaintiff realleges the above paragraphs.

36. The actions of Chief Stavlo of kicking down the door of Stuhr's home, entering it, and attempting to arrest him without a warrant and without other permissible lawful reason to do so violated Plaintiff's Fourth Amendment right to be free from unreasonable search and seizure and thus violated 42 U.S.C. § 1983.

37. The aforementioned actions of Defendant Stavlo were the direct and proximate cause of the constitutional violations set forth above and of Plaintiff's injuries and damages set forth above.

WHEREFORE, pursuant to 42 U.S.C. § 1983, Plaintiff demands actual or compensatory damages against Chief Stavlo and because he acted maliciously, wantonly, or oppressively, punitive damages; the costs of this action, attorneys' fees; and such other and further relief that the Court deems just and equitable. Additionally, Plaintiff asks this Court to find that the Village of Wilton is liable to defend this action against Defendant Stavlo and required to satisfy any judgment against their employee, by virtue of Wis. Stat. § 895.46.

**COUNT II:**
**42 U.S.C. § 1983 Claim for Second Unlawful Entry**

38.     Plaintiff realleges the above paragraphs.

39.     The actions of Defendant Stavlo of opening the door to Stuhr's home and entering it for a second time without a warrant and without other permissible lawful reason to do so violated Plaintiff's Fourth Amendment right to be free from unreasonable search and seizure and thus violated 42 U.S.C. § 1983.

40.     The aforementioned actions of Defendant Stavlo were the direct and proximate cause of the constitutional violations set forth above and of Plaintiff's injuries and damages set forth above.

WHEREFORE, pursuant to 42 U.S.C. § 1983, Plaintiff demands actual or compensatory damages against Defendant Stavlo and because he acted maliciously, wantonly, or oppressively, punitive damages; the costs of this action, attorneys' fees; and such other and further relief that the Court deems just and equitable. Additionally, Plaintiff asks this Court to find that the Village of Wilton is liable to defend this action against Defendant Stavlo and required to satisfy any judgment against their employee, by virtue of Wis. Stat. § 895.46.

**COUNT III:**
**42 U.S.C. § 1983 Claim for Unlawful Seizure and Arrest**

41.     Plaintiff realleges the above paragraphs.

42.     The actions of Chief Stavlo of arresting Stuhr in his home for misdemeanor offenses without a warrant or other permissible legal justification, violated Plaintiff's

Fourth Amendment right to be free from unreasonable seizure and thus violated 42 U.S.C. § 1983.

43. The aforementioned actions of Defendant Stavlo were the direct and proximate cause of the constitutional violations set forth above and of Plaintiff's injuries and damages set forth above.

WHEREFORE, pursuant to 42 U.S.C. § 1983, Plaintiff demands actual or compensatory damages against Defendant Stavlo and because he acted maliciously, wantonly, or oppressively, punitive damages; the costs of this action, attorneys' fees; and such other and further relief that the Court deems just and equitable. Additionally, Plaintiff asks this Court to find that the Village of Wilton is liable to defend this action against Defendant Stavlo and required to satisfy any judgment against their employee, by virtue of Wis. Stat. § 895.46.

## COUNT IV
### 42 U.S.C. § 1983 *Monell* Policy Claim

44. Plaintiff realleges the above paragraphs.

45. Chief Stavlo, in his role as the Chief of Police for the Village of Wilton, was the chief policymaker for the Village on decisions on how to conduct home searches, when to seek warrants, and how to conduct misdemeanor arrests.

46. Chief Stavlo was directly involved, and indeed the only person involved, in the decisions to illegally enter Mr. Stuhr's home twice and to illegally arrest Stuhr in his own home without a warrant.

47. The direct involvement of Defendant Stavlo was the moving force and the direct and proximate cause of the constitutional violations set forth above and of Plaintiff's injuries and damages set forth above.

WHEREFORE, pursuant to 42 U.S.C. § 1983, Plaintiff demands actual or compensatory damages against Defendant Village of Wilton plus the cost of this action, attorney's fees, and such other and further relief that the Court deems just and equitable.

## JURY DEMAND

Plaintiff hereby demands a trial by jury, pursuant to FED. R. CIV. PRO. 38(b), on all issues so triable.

Respectfully submitted,

Dated: 18 September 2023,

/s/ John H. Bradley
John H. Bradley
  Wisconsin Bar No. 1053124
R. Rick Resch
  Wisconsin Bar No. 1117722
James Odell
  Wisconsin Bar No. 1131587
STRANG BRADLEY, LLC
613 Williamson Street, Suite 204
Madison, Wisconsin 53703
(608) 535-1550
John@StrangBradley.com
Rick@StrangBradley.com
James@StrangBradley.com

Attorneys for Plaintiff